UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VLADIMIR FRANKFURT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEGA ENTERTAINMENT GROUP II, et al.,<br><br>　　　　Defendants. | No. 15 CV 667<br><br>Judge Manish S. Shah |

## ORDER

Defendants Mega Entertainment Group II, Pavilion Restaurant, and Petergof Banquet Hall's motion to dismiss for failure to state a claim [45] is granted. Plaintiff's amended complaint is dismissed as to them without prejudice. Status hearing remains set for 11/20/15 at 9:30 a.m.

## STATEMENT

Defendants Mega Entertainment Group II, Pavilion Restaurant, and Petergof Banquet Hall have moved under Rule 12(b)(6) to dismiss plaintiff Vladimir Frankfurt's amended complaint.[1] Among other things, defendants argue the amended complaint fails to state a claim because it lacks factual content tying them to the underlying torts and breach.

The amended complaint alleges plaintiff purchased a promissory note in 2005 from Capital Development Group after being solicited by Gary Fishkin. A year later,

---

[1] "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [the court] accept[s] the well-pleaded facts in the complaint as true . . . ." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). The plausibility test does not permit a court to disregard factual allegations simply because they seem unlikely. *Firestone Financial Corp. v. Meyer*, 796 F.3d 822, 826–27 (7th Cir. 2015).

plaintiff bought a note from EAG Capital Holdings, Inc., to replace the maturing first note. This note was signed by Edward Renko as CEO of EAG. Plaintiff bought another note the following year, which was signed by Alex Field as president of EAG. Plaintiff bought one more note from EAG the year after.

Plaintiff says these actors diversified their businesses and increased their investment in Mega Entertainment Group II, which company bore the same legal address as CDG and EAG. "Fishkin emphasized huge investment into construction of Pavilion Restaurant and Petergof Banquet Hall . . . . In September 2008, Fishkin arranged a demonstration of Pavilion Restaurant and Petergof Banquest Hall to investors including [plaintiff]."

On January 5, 2009, Fiskin, Field, and Renko said they could not repay the loan. Plaintiff further alleges that the "restaurant businesses were doing fine and they conveyed an intent to repay the Note according [sic] due time." In March 2010, Fishkin met with plaintiff in the Pavilion Restaurant in Northbrook and explained that the success of Mega Entertainment Group II permitted the repayment of the promissory note, and thereby verbally agreed to do so. In the end, plaintiff did not get all of his money back, which he claims amounted to "Fraudulent Practices Violation of the Federal Security Act of 1933" (Count I), "Fraudulent Practices Violation of Illinois Security Law of 1953" (Count II), and breach of contract (Count III).

Counts I and II plainly fail as to the moving defendants because the amended complaint contains nothing that ties these defendants to the alleged fraudulent transactions. At most, the funds Fishkin, Field, Renko, CDG, and EAG obtained fraudulently are alleged to have been invested in Mega Entertainment Group II, Pavilion Restaurant, and Petergof Banquet Hall. But the causes of action in Counts I and II require the selling or purchasing of a security, which none of the moving defendants are alleged to have done.

Count III is different in that, liberally construed, plaintiff can be taken to claim that Fishkin entered into a verbal agreement on behalf of Mega Entertainment Group II, Pavilion Restaurant, and Petergof Banquet Hall. As defendants note, though, to state a claim for breach of contract under Illinois law, a plaintiff must allege each of the claim's elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff. *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 786 (7th Cir. 2015). Count III fails because plaintiff does not allege what his obligations were under the verbal contract, or plead that he substantially performed them. Plaintiff attempts to meet this requirement in his response brief by relaying the terms of the promissory notes, but those are not the agreements the moving defendants are alleged to have breached. The moving defendants are plausibly alleged to have breached only the verbal agreement of March 2010.

Plaintiff does offer some more detail about the verbal contract in his response brief, *see* [49] at 3 ("Defendants asked Plaintiff not to file the Complaint in Court and promised to start payments in 2010"), but a plaintiff may not amend his complaint in this fashion.

Defendants have moved for sanctions under Rule 11 for "bringing forth a frivolous action against Mega for events, transactions, and occurrences Mega never took part of or was engaged in." This motion is denied for not conforming to Rule 11's requirements. *See* Fed. R. Civ. P. 11(c)(2).

Defendants Mega Entertainment Group II, Pavilion Restaurant, and Petergof Banquet Hall's motion to dismiss for failure to state a claim is granted. Plaintiff's amended complaint is dismissed as to them without prejudice. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

Plaintiff is advised that if he decides to pursue this case and file a second amended complaint, there may be jurisdictional issues with his ability to proceed in this court. If he remains unable to state a claim for relief under the federal securities statute, there will likely be no federal jurisdiction over any remaining state-law claims between citizens of the same state. In other words, if plaintiff cannot state the federal claim, the case will likely be dismissed for lack of subject matter jurisdiction. Plaintiff is also reminded that the statute of limitations on a federal securities fraud claim is typically two years.

ENTER:

Date:   11/17/15

Manish S. Shah
U.S. District Judge